```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,
                                              MEMORANDUM AND ORDER
            - against -
                                              11 Cr. 111-6 (NRB)
ALWAR POURYAN,

                  Defendant.

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendant Alwar Pouryan's ("Pouryan" or "defendant") motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. See ECF No. 277 ("Mot."). Pouryan was an arms trafficker with ties to Hezbollah, a Lebanese terrorist organization, who agreed to provide military-grade weapons to confidential sources working for the United States Drug Enforcement Administration for use by the Taliban. See ECF No. 24 ¶ 8. Following a nine-day bench trial, on April 19, 2013, the Court found Pouryan guilty of one count of conspiracy to provide material support to terrorists under 18 U.S.C. §§ 2339(a) and 3238, which carries a mandatory minimum of 15 years, and one count of conspiring to acquire and transfer anti-aircraft missiles under 18 U.S.C. §§ 2332(g)(a)(1), (b), and (c), which carries a mandatory minimum of 25 years. See ECF Nos. 130, 158.[1] On September 25,

---

[1] On March 22, 2011, Pouryan was charged in a multi-defendant, five-count superseding indictment. See ECF No. 24.

1

2013, the Court sentenced Pouryan to the lowest sentence that was legally permissible:  concurrent terms of imprisonment of 15 years and 25 years.[2]  See ECF No. 158 at 2.  The Second Circuit affirmed the Court's judgment of conviction on October 8, 2015, and Pouryan's petition for a writ certiorari was denied on February 29, 2016.  See United States v. Pouryan, 628 F. App'x 18 (2d Cir. 2015) (summary order), cert. denied, Pouryan v. United States, 577 U.S. 1162 (2016).  Pouryan is currently housed in Federal Correctional Institution ("FCI") Sheridan in Oregon, and his projected release date is February 23, 2033.  See Opp. at 2-3, ECF No. 276.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may "reduce the term of imprisonment" only if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[3]  A motion for compassionate release is "not an opportunity to second guess or to reconsider the sentencing court's original decision."  United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal citation and quotation marks omitted).  Although Pouryan's motion is brought pro se and is therefore to "be construed liberally and interpreted to raise the

---

[2] The sentence imposed by the Court was recommended by Probation and Pouryan's counsel.  See ECF No. 154.

[3] The defendant also bears the burden of establishing that he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).  See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  The Government concedes that Pouryan has satisfied this requirement.  See Opp. at 4 n.2.

strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation and quotation marks omitted), the defendant, in making the motion, bears the burden of proving "extraordinary and compelling reasons," United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); United States v. Castelle, No. 18 Cr. 15, 2022 WL 4536798, at *1 (S.D.N.Y. Sep. 28, 2022).  Pouryan's alleged extraordinary and compelling circumstances are: (1) his medical conditions, (2) his confinement conditions, and (3) his family circumstances. Even taken together, these arguments do not rise to the level of extraordinary or compelling.

First, Pouryan argues that he is at "extreme risk" of contracting COVID-19 due to his "age and medical conditions"—specifically, asthma, GERD, a foot drop in his right leg, a fusion in his lower back, a fungal rash, post-traumatic stress disorder, and persisting side effects from two previous bouts with COVID-19, such as color-blindness, forgetfulness, foggy thinking, headaches, trouble breathing, muscle tremors, and loss of smell and taste. See Mot. at 9.  Although Pouryan fails to submit any evidence of these medical conditions, the Government attaches Pouryan's Bureau of Prisons ("BOP") medical records from 2021 and 2022 to its opposition to Pouryan's motion for compassionate release.  See ECF Nos. 276-1, 276-2.  Those records show that Pouryan does suffer from many of his alleged medical conditions, but also establish

that he has received regular treatment and care for those conditions. See id. Therefore, Pouryan "has not demonstrated that the BOP cannot adequately address his medical needs." United States v. Lawrence, 19 Cr. 437 (AKH), 2022 WL 4000904, at *4 (S.D.N.Y. Sept. 1, 2022); accord United States v. Zubkov, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (denying compassionate release to inmate who "appears to have received proper medical attention and care").

Furthermore, the addition of the COVID-19 pandemic is not enough to transform Pouryan's medical conditions into extraordinary and compelling circumstances. Indeed, the risk that COVID-19 poses to Pouryan's health is significantly limited by the facts that is 48 years old; is fully vaccinated against COVID-19; has received his booster shot; and has previously contracted COVID-19 twice. See Mot. at 9; ECF No. 276-1 at 1; Lawrence, 2022 WL 4000904, at *3 ("Given that Lawrence has already contracted COVID and received a vaccine, the risk to his health is sufficiently limited."); United States v. Garcia, 19 Cr. 210 (CS), 2022 WL 672758, at *1 (S.D.N.Y. Mar. 7, 2022) ("This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." (collecting cases)); United States v. Gonzalez-Casillas, No. 07 Cr. 527-1, 2022 WL 446011, at *4 (S.D.N.Y. Feb. 11, 2022) (holding an overweight, 50-year-old defendant is not at

significantly heightened risk to establish extraordinary and compelling reasons); People Who Are at Higher Risk for Severe Illness, CDC (March 22, 2020), https://stacks.cdc.gov/view/cdc/86074 (identifying individuals 65 years old and older as at high-risk of severe illness from COVID-19). In addition, of the medical conditions Pouryan allegedly suffers from, only asthma and potentially post-traumatic stress disorder are identified by the CDC as risk factors for severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb 10, 2023). And, the BOP's online records indicate that, as of today, at FCI Sheridan there are zero confirmed active COVID-19 cases among both staff and inmates and that 2,083 inmates have been vaccinated against COVID-19. See BOP COVID-19 Statistics, Federal BOP, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited March 9, 2023) [hereinafter "BOP COVID-19 Statistics"]. This data significantly undermines Pouryan's suggestion that he is at an unjustifiably high risk of contracting COVID-19 or that any such risk is an extraordinary or compelling reason to release him.

Second, Pouryan argues that that he has experienced difficult conditions of confinement at FCI Sheridan during the COVID-19 pandemic—namely, an insufficient staff-to-prisoner ratio; a lack of programming, recreational time, religious services, hot meals,

hygiene supplies, medical supplies, and clean clothes; plumbing issues; a lack of family visits, limited access to phones and email; and insufficient COVID-19 precautions, such as mask-wearing and social distancing. See Mot. at 9-15. However, FCI Sheridan is currently operating at Operational Level 1, which means "facilities maintain normal operations for inmate services and programming, including normal access to the law library, to educational, psychological, and religious services, to recreation, to visitation, and to work details." See BOP COVID-19 Statistics; Opp. at 5 (citing COVID-19 Modified Operations Plan & Matrix, Federal BOP, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp). In any event, "generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release."[4] United States v. Farmer, 19 Cr. 427 (LTS), 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022); accord Lawrence, 2022 WL 4000904, at *3 ("[T]he conditions universally applicable to all inmates at a given facility, including conditions instituted during the pandemic, do not give rise to extraordinary and compelling circumstances.").

---

[4] Pouryan attaches to his motion letters that he previously wrote to his attorney, in which he complains about his individual treatment at FCI Sheridan, including being provided only paper clothes for five days, being placed in a cell with "a sex offender and a homosexual," and being accused by staff of being racist in front of other inmates. See Mot. at 23-40. These allegations do not come close to establishing extraordinary or compelling circumstances for release under 18 U.S.C. § 3582(c)(1)(A)(i).

Third, Pouryan states that he wishes to see his mother, who lives in Lebanon with some of Pouryan's family, is over 75-years-old, and suffers from diabetes and injuries sustained from a chemical bomb attack by Saddam Hussein, and to raise his son in the United States.  See Mot. at 18.  While the Court does not question Pouryan's desire to return to his family, and his family's desire to have him home, that is not an "extraordinary and compelling" reason to reduce his sentence.  See United States v. Nawaz, No. 16 Cr. 431 (AT), 2020 WL 7773478, at *4 (S.D.N.Y. Dec. 30, 2020) (noting that defendant's "desire to return to his home as soon as possible," among other factors, did not present "extraordinary and compelling reasons" for release); United States v. Miller, No. 15 Cr. 113 (JAM), 2020 WL 5259065, at *1 (D. Conn. Sept. 2, 2020) ("Although I appreciate [defendant's] urgent wish to return to his supportive family, I am not convinced that he has established the extraordinary and compelling reasons that are required to justify a sentence reduction.").  Indeed, "[t]he animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020).  Pouryan does not argue that he is the only available caregiver for his mother or son.

7

Accordingly, while the Court is sympathetic to Pouryan's family concerns, his situation does not warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Finally, the application of the factors set forth in 18 U.S.C. § 3553(a) strongly counsel against release. Those factors include the nature and circumstances of the offense, affording adequate deterrence to this defendant and others who are similarly situated, and promoting respect for the law. See 18 U.S.C. § 3553(a)(2)(A)-(C). Particularly in light of the fact that the United States gave Pouryan refuge, Pouryan's decision to endanger United States citizens by selling military-grade weapons to the Taliban was heinous. See Sentencing Tr. at 19:2-10, ECF No. 175. Moreover, at trial, Pouryan provided materially false testimony. See id. at 18:16-21. Nevertheless, the Court sentenced Pouryan to the mandatory minimum, which was a variance from the guidelines' sentence of life in prison, given that 25 years is a "very long time by any measure." See id. at 19:11-15.

If the Court were to grant Pouryan's motion for compassionate release now, it would materially alter the sentence imposed and Pouryan would not even serve the mandatory minimum for his crimes. See United States v. Kantor, 853 Fed. Appx. 723, 726 (2d Cir. 2021) ("[C]ourts regularly consider how compassionate release would alter the aims of the original sentence . . . . That inquiry often involves assessing the proportion of the defendant's stated

8

sentence yet to be served."). Simply put, the length of Pouryan's sentence is not extraordinary in light of his conduct and the mandatory minimums.

Accordingly, Pouryan's motion for compassionate release is denied. Because Pouryan has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. See Hoffler v. Bezio, 726 F.3d 144, 152 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated:   New York, New York
         March 9, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE