UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

              - against -

ALWAR POURYAN,

                     Defendant.

**MEMORANDUM AND ORDER**

11 Cr. 111-6 (NRB)

----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On March 9, 2023, this Court denied defendant Alwar Pouryan's ("Pouryan" or "defendant") motion under 18 U.S.C. § 3582(c)(1) for compassionate release.[1] See ECF No. 278. On April 5, 2023, Pouryan filed another motion.[2] See ECF No. 279. This time he seeks a modification of his sentence under 18 U.S.C. § 3624(g)(2)(A) that would allow him to serve the remainder of his sentence in home

---

[1] Pouryan—an arms trafficker with ties to Hezbollah, a Lebanese terrorist organization—was sentenced on September 25, 2013 to concurrent terms of imprisonment of 15 years and 25 years for conspiracy to provide material support to terrorists under 18 U.S.C. §§ 2339(a) and 3238, which carries a mandatory minimum of 15 years, and conspiracy to acquire and transfer anti-aircraft missiles under 18 U.S.C. §§ 2332(g)(a)(1), (b), and (c), which carries a mandatory minimum of 25 years. See ECF Nos. 24 ¶ 8, 130, 158 at 2. The sentence imposed was both recommended by Probation and Pouryan's counsel and was the lowest sentence that was legally permissible, due to the applicable mandatory minimums. See ECF Nos. 154, 158 at 2. The Second Circuit affirmed the Court's judgment of conviction on October 8, 2015, and Pouryan's petition for a writ certiorari was denied on February 29, 2016. See United States v. Pouryan, 628 F. App'x 18 (2d Cir. 2015) (summary order), cert. denied, Pouryan v. United States, 577 U.S. 1162 (2016).

[2] The Court received Pouryan's motion and accompanying exhibits on April 14, 2023. See ECF No. 279 at 138. Additional documentation in support of Pouryan's motion was received by the Court on April 27, 2023. See ECF No. 280 at 269.

1

confinement.  <u>See</u> <u>id.</u>  This second application is a transparent effort to reargue the March 9, 2023 decision.

Pouryan's motion relies on a wholly inapplicable section of the United States Code, 18 U.S.C. § 3624(g)(2)(A), and must be denied on that basis alone.  Indeed, 18 U.S.C. § 3624(g)(2)(A) sets forth mandatory conditions of home confinement for prisoners placed in prerelease custody as a result of their successful participation in the First Step Act of 2018's time credits program, which allows inmates to earn 10 to 15 days of time credits for every 30 days of involvement in evidence-based recidivism reduction programs and other productive activities.  <u>See</u> 18 U.S.C. §§ 3624 (g)(2)(A), 3632(d)(4)(A); <u>Brodie v. Pliler</u>, No. 22 Civ. 3821 (LGS), 2022 WL 16751908, at *1–2 (S.D.N.Y. Nov. 7, 2022) (describing the First Step Act); <u>Rosenberg v. Pliler</u>, No. 21 Civ. 5321 (VEC), 2021 WL 6014938, at *1 (S.D.N.Y. Dec. 20, 2021) (same).  To qualify for prerelease custody under 18 U.S.C. § 3624, a prisoner must have "earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" and "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment," among other requirements. 18 U.S.C. § 3624(g)(1).  Furthermore, 18 U.S.C. § 3624(c)(2) authorizes prerelease custody in home confinement only "for the

2

shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2); see also United States v. Vadakin, No. 9 Cr. 10 (JBA), 2020 WL 4818440, at *4 (D. Conn. Aug. 17, 2020) (rejecting defendant's request to be placed in home confinement for more than 10 percent of his term of imprisonment). Pouryan, whose projected release date is February 23, 2033, clearly does not meet these requirements.[3]  See Find an inmate, BOP, https://www.bop.gov/inmateloc/ (last visited May 5, 2023) [hereinafter "BOP Inmate Search"].

To the extent that the Court interprets Pouryan's motion as a request for reconsideration of the Court's denial of his previous motion under 18 U.S.C. § 3582(c)(1) for compassionate release, see ECF No. 279 at 5, Pouryan's motion is also denied.  In the Court's March 9, 2023 decision denying Pouryan's motion for compassionate release, the Court thoroughly considered the same medical conditions and confinement conditions raised in Pouryan's present

---

[3] Pouryan offers no evidence to establish that he meets the requirements for relief set forth in 18 U.S.C. § 3624(g)(1).  In his motion, Pouryan mentions that he completed 1,208 hours of educational courses during his imprisonment, but does not allege that those courses qualify for earned time credits.  See ECF No. 279 at 8, 10.  While the Court commends Pouryan for his participation in those courses, "a prisoner may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk."  Milchin v. Warden, No. 22 Civ. 195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (rejecting defendant's argument that he should be "awarded time credits for programs he completed that may not be related to his recidivism risk").  In any event, Pouryan, who has approximately 10 years remaining on his sentence, could not have already accumulated earned time credits in an amount that is equal to the remainder of his sentence, as required under 18 U.S.C. § 3624(g)(1), and is nevertheless ineligible for home confinement placement until only 10 percent of his sentence remains, per 18 U.S.C. § 3624(c)(2).

motion and found that those conditions did not constitute extraordinary and compelling reasons justifying a sentence reduction. See ECF No. 278 at 3-6. The only new basis for relief alleged by Pouryan in the present motion—his desire to care for his former cellmate, Amier Sadeghpour, who was released on April 21, 2023,[4] see ECF No. 279 at 3, 8; BOP Inmate Search—is also not an extraordinary and compelling reason to reduce his sentence, see 18 U.S.C. § 3582(c)(1)(A)(i). Indeed, the "family circumstances" category only covers "close family member[s]" who are "completely unable to care for [themselves] and for whom the defendant would be the only available caregiver." United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020); see also U.S.S.G. 1B1.13, cmt. n.1(C)(i)-(ii) (providing "family circumstances" include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"). Furthermore, the same § 3553(a) factors set forth in the Court's March 9, 2023 decision provide an "alternative and independent basis" to deny Pouryan's motion. United States v.

---

[4] Pouryan claims that Sadeghpour—who is elderly, is in poor health, and has no family members who can care for him—considers Pouryan as his son and has given Pouryan power of attorney. See ECF No. 279 at 3. While Sadeghpour planned to reside with Pouryan's brother upon release, Pouryan alleges that Sadeghpour needs Pouryan to be his primary caregiver as Pouryan's brother's employment prevents him from providing full-time care to Sadeghpour. See id.

Hilliard, No. 21-524-CR, 2022 WL 4372751, at *1 (2d Cir. Sept. 22, 2022).[5]

Accordingly, Pouryan's motion is denied in its entirety. Because Pouryan has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. See Hoffler v. Bezio, 726 F.3d 144, 152 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1963). The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 279, and mail a copy of this decision to Pouryan (Reg. No. 65030-054) at Federal Correctional Institution Sheridan in Sheridan, Oregon.

**SO ORDERED.**

Dated:   New York, New York
         May 5, 2023

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5] When considering the § 3553(a) factors in its March 9, 2023 decision, the Court took note of the facts that Pouryan decided to endanger United States citizens by selling military-grade weapons to the Taliban, provided materially false testimony at trial, and was sentenced to the mandatory minimum (a variance from the guidelines' sentence of life in prison) and would thus not even serve the mandatory minimum for his crimes if the Court were to alter his sentence. See ECF No. 278 at 8-9.