```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,
                                                MEMORANDUM AND ORDER
              - against -
                                                  11 Cr. 111 (NRB)
ALWAR POURYAN,

                        Defendant.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Over twelve years since defendant Alwar Pouryan's ("Pouryan" or "defendant") arrest, see ECF No. 78 at 7; ten years since this Court found him guilty of conspiring to provide material support to terrorists and conspiring to acquire and transfer anti-aircraft missiles, see ECF Nos. 130, 158; nearly ten years after the entry of a preliminary forfeiture order, see ECF No. 185; and nearly nine years after a final forfeiture order, see ECF No. 209; Pouryan now comes to this Court requesting the return of 5,950 bitcoins, worth $200 million by his own calculation, which he alleges were on his Vertu Ascent TI Cell Phone, Type RM-267V, IMEI:354101000061258 ("Vertu Cell Phone") that was clearly subject to forfeiture, see ECF Nos. 282 ("Mot."), 286 ("Reply").  Even if we were to accept defendant's fanciful tale, the application must be denied as it was filed well beyond the statute of limitations and is thus moot.

1

**I.   Background**

Pouryan was an arms trafficker, with ties to Hezbollah, a Lebanese terrorist organization, and agreed to provide military-grade weapons to confidential sources and individuals, who unbeknownst to Pouryan, were working for the U.S. Drug Enforcement Administration ("DEA"), for use by the Taliban.  See ECF No. 24 ¶ 8.  Pouryan was arrested in Romania in 2011.  See ECF No. 184 at 1 n.1.  On March 22, 2011, Pouryan was charged in a multi-defendant, five-count superseding indictment, which included forfeiture allegations pursuant to 18 U.S.C. §§ 981(a)(1)(G), 2332(b)(g)(5), and 28 U.S.C. § 2461.  See ECF No. 24.  On August 11, 2011, the Government filed a Bill of Particulars listing Pouryan's seized assets, which included the Vertu Cell Phone.  See ECF No. 39 at 3.

Following a nine-day bench trial, on April 19, 2013, the Court found Pouryan guilty of one count of conspiracy to provide material support to terrorists under 18 U.S.C. §§ 2339(a) and 3238 and one count of conspiracy to acquire and transfer anti-aircraft missiles under 18 U.S.C. §§ 2332(g)(a)(1), (b), (c).  See ECF Nos. 130, 158.  On September 25, 2013, the Court sentenced Pouryan to concurrent terms of imprisonment of 15 years and 25 years.  See ECF No. 158 at 2.

At sentencing, Pouryan, who was then represented by counsel, objected to the Government's proposed preliminary order of forfeiture.  See ECF No. 175 at 20:10-21:10.  The Court orally

entered forfeiture and allowed Pouryan to make his motion.  Id. at 24:4-6.  One month later, on October 28, 2013, Pouryan filed a motion challenging the Government's proposed forfeiture order, arguing that the proposed order violated the Eighth Amendment's prohibition against excessive fines because the assets had no nexus to the charged offenses.  See ECF No. 168.  The motion papers made no mention of any bitcoins and did not even explicitly mention the Vertu Cell Phone.[1]  See ECF Nos. 168-70.

On December 30, 2013, this Court denied defendant's motion, holding that the proposed forfeiture was not excessive and did not violate the Eighth Amendment.  See ECF No. 184.  That same day, a Preliminary Order of Forfeiture was entered forfeiting to the United States all of defendant's right, title, and interest in specifically listed property, including the Vertu Cell Phone.  See ECF No. 185.  On December 17, 2014, after no petitions to contest forfeiture of the listed property were made, and the time to contest forfeiture expired, this Court issued a Final Order of Forfeiture.  See ECF No. 209 at 7-8.  The Final Order forfeited Pouryan's interest in the listed property and vested the property in the United States to be "disposed of according to law."  Id. at 7.

Between December 2014 and June 2023, Pouryan only filed one letter to the Court related to his forfeited assets.  See ECF No.

---

[1] The defendant's motion challenged the forfeiture sought by the Government of Pouryan's assets, specifically arguing that "various wristwatches, jewelry, and a pendant . . ." had no nexus to the charged offenses.  ECF No. 169 at 2.

3

258. In his letter received on June 6, 2017, Pouryan apprised this Court that his "Silver Vertu Cell Phone" was not on a September 9, 2016 letter from the U.S. Department of Justice that listed the property that was currently in possession of the DEA. See id. Pouryan asked that the Vertu Cell Phone "be located and listed with the items seized on Feb 10, 2011." Id. at 1. Of course, the Vertu Cell Phone had been listed on the Government's Bill of Particulars, see ECF No. 39 at 3, and the forfeiture orders, see ECF Nos. 185 at 3, 209 at 3. That letter made no mention of the alleged 5,950 bitcoins.

On July 18, 2023, approaching nine years since the final forfeiture order was issued, Pouryan, proceeding pro se, submitted the present motion requesting a correction of "an error in the record" pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") seeking, among other things, return of the alleged 5,950 bitcoins that he contends were on the Vertu Cell Phone. See Mot. Specifically, he seeks: (1) the appointment of counsel to investigate the purported omission of the bitcoins from the forfeiture order; (2) a determination of the agency in possession of the Vertu Cell Phone; (3) return of the 5,950 bitcoins he alleges were on the Vertu Cell Phone; and (4) an investigation to determine who authorized the takings of the bitcoins. See Mot. at 4-6. This is the first time defendant made any mention to this

4

Court of 5,950 bitcoins, despite having previously raised several issues related to the asset forfeiture.[2]

The Government filed its opposition on September 25, 2023. See ECF No. 283.  Based on a review of forensic extractions from the Vertu Cell Phone, its SIM card, and MicroSD card taken in 2011, and discussions with DEA representatives, the Government advises that neither the bitcoins nor a cryptocurrency wallet "appear to have been present on the cell phone." Id. at 4-5.  The Government also reports that "the [Vertu Cell Phone] was transferred" from the DEA to U.S. Homeland Security Investigations ("HSI") on April 29, 2014 and was destroyed in 2015, based on DEA Reports of Investigation dated February 28, 2014 and December 10, 2014, a DEA Disposition of Non-Drug Evidence Form dated April 29, 2014, and information from HSI. Id. at 5.

On October 27, 2023, the Court received Pouryan's request for an extension of time to reply to the Government's opposition. See ECF No. 284.  The request was granted on October 30, 2023, see ECF No. 285, and the Court received Pouryan's reply on November 16, 2023, see Reply.  In his reply, Pouryan first argues that Federal Rule of Criminal Procedure 32 provides that where a federal court fails to include a forfeiture order in a judgment, the court can correct that failure at any time by using Fed. R. Crim. P. 36. See

---

[2] Defendant's motion attached six exhibits.  Only two of those exhibits make any mention of bitcoins.  See Mot. Ex. 3 (dated August 3, 2022); Mot. Ex. 6 (dated June 6, 2023).

5

Reply at 2. Pouryan then alleges that he acquired the bitcoins, that he now values at $200 million, see id. at 5, in Cyprus in or around January 17, 2011 from a "business associate," id. at 2.[3] He alleges that the purchase occurred in the view of two DEA confidential sources that then followed him to Lebanon. See id. at 2-3. He further alleges that the bitcoins were seized, along with his Vertu Cell Phone and other electronics, during his arrest on February 10, 2011 in Romania.[4] See id. at 3. Pouryan suggests that the bitcoins were removed from the Virtu Cell Phone when the "encrypted 32 digit code, coupled with the 16 digit password, was compromised and broken," id. at 6., to explain, as the Government informs, the absence of any bitcoins or a cryptocurrency wallet on the contemporaneous forensic extractions, see ECF No. 283 at 4-5. Pouryan also alleges that he did not previously raise the bitcoins because he believed the Vertu Cell Phone would be returned to him,[5] as other phones and electronic devices he claims were seized during

---

[3] Instead of supporting his reply with any evidence, Pouryan alleges that in the event that counsel is appointed, the identity of the business associate will be revealed and an affidavit will be submitted supporting his claim. See Reply at 2-3.

[4] Pouryan calls into question the veracity of the Government's assertion that the Virtu Cell Phone was seized on April 29, 2011 because he was arrested on February 10, 2011 in Romania. See Reply at 3-4. Pouryan ignores the fact that he was arrested abroad and then transported to the Southern District of New York. See ECF No. 78 at 7. Moreover, whatever the merit of defendant's claims, he can only advance these claims against the United States for the period after the Virtu Cell Phone came into the United States' possession.

[5] The Vertu Cell Phone was clearly subject to forfeiture pursuant to this Court's orders. See ECF No. 209.

his arrest were returned to him and not listed on the forfeiture order.[6]  See Reply at 4-5.

On December 4, 2023, the Government filed a sur-reply maintaining that Pouryan's allegations are "factually baseless and legally meritless."  ECF No. 287.  The Government informs that the Vertu Cell Phone was seized by Romanian law enforcement when Pouryan was arrested in February 2011 and received by the Government on or around April 29, 2011.  See ECF No. 287 at 2.  The Government supports its sur-reply with the May 2011 sworn affidavit of the DEA agent that was submitted in support of a warrant to search the electronic devices seized from Pouryan and other defendants that notes that all of the electronic devices, including the Vertu Cell Phone, were "in the possession of law enforcement authorities" on the date they were seized.  See ECF No. 287 Ex. A ¶ 15.

## II. Analysis

As an initial matter, the defendant's motion is a request under Rule 36 of the Federal Rules of Criminal Procedure to correct an error in the Court's forfeiture order.  The Court properly announced the forfeiture at sentencing, see ECF No. 175 at 24:4-6, referenced the forfeiture in the judgment, see ECF No. 158 at 6, and properly entered preliminary and final forfeiture orders, see

---

[6] While Pouryan asserts that eight cell phones and other electronic devices were seized during his arrest, and the only device that was not returned was the Vertu Cell Phone, the Government's Bill of Particulars only included the Vertu Cell Phone and did not list any other cell phones or electronic devices.  See ECF No. 39 at 3.

7

ECF Nos. 185, 209. Thus, there is no need to correct any action under Federal Rules of Criminal Procedure 32(b)(4)(B) or 36. Furthermore, though Pouryan argues that the error in the order was the absence of the bitcoins in the forfeiture order, Rule 36 is reserved for minor, uncontroversial clerical errors. See United States v. Jacques, 6 F.4th 337, 341 (2d Cir. 2021). Given that the defendant is proceeding pro se, the Court construes the motion as a motion for return of property under Federal Rule of Criminal Procedure 41(g).

Rule 41 allows "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to "move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) motions seeking the return of property from the Government that are made after the conclusion of criminal proceedings have a six-year statute of limitations pursuant to 28 U.S.C. § 2401(a). See e.g., Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007). The district court may equitably toll the six-year limitations period, see Bertin, 478 F.3d 489 at 498 n.3, but only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," see Mottahedeh v. United States, 794 F.3d 347, 352 (2d Cir. 2015). In addition, where seized property has been destroyed or is unavailable "for whatever reason," monetary damages are barred by the doctrine

of sovereign immunity, rendering a claim moot.  See Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004).

Furthermore, under the doctrine of res judicata, a party is precluded from relitigating issues that could have been raised in a prior litigation but were not.  See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015). A claim is precluded if there has been: (1) an adjudication on the merits; (2) involving the same parties; and (3) the claims were asserted or could have been raised in the prior action. See Nash v. Bd. of Educ. of the City of New York, No. 99 Civ. 9611 (NRB), 2016 WL 5867449, at *5 (S.D.N.Y. Sept. 22, 2016) (internal citations and quotations omitted).  A claim that could have been raised is precluded, even if it was not actually raised or decided by a prior decision if the new claim is "sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (emphasis omitted). Res judicata "prevents a party from litigating any claim which could have been raised in the previous suit, even if it was not actually raised or decided." Azzara v. United States, No. 02 Crim. 1446 (KMK), 2020 WL 13553829, at *2 (S.D.N.Y. Feb. 14, 2020) (internal citations and quotations omitted).

**A. Defendant's motion is time-barred.**

Pouryan made his motion nearly ten years after his sentencing and nearly nine years after the Final Forfeiture Order was issued that listed the very Vertu Cell Phone allegedly containing the 5,950 bitcoins that was properly forfeited.

Pouryan's late filing cannot be saved by the doctrine of equitable tolling because he cannot show that he was pursuing his rights diligently or faced an extraordinary circumstance preventing him from filing on time. Defendant had the means to submit correspondence to this Court within the limitations period, as demonstrated by his June 2017 letter. At that point, Pouryan could have raised the alleged seizure of the 5,950 bitcoins. In fact, he was incentivized to do so from his own allegation that the bitcoins, during the limitations period, were worth approximately double today's value. See Mot. at 4. However, the June 2017 letter only sought information about the Virtu Cell Phone, and not the alleged bitcoins he seeks here. See ECF No. 258. In addition, the exhibits attached to defendant's motion that do mention the alleged bitcoins cannot be used to demonstrate reasonable diligence because they are dated beyond the end of the limitations period. See Mot. Exs. 3, 6. Therefore, equitable tolling is not warranted and Pouryan's motion is barred by the applicable statute of limitations.

### B. Defendant's motion is precluded.

Defendant's motion must also be denied pursuant to the doctrine of res judicata because he seeks to challenge the Court's forfeiture order for a second time. While Pouryan only raised concerns that certain property had no nexus to the charged offenses, see ECF No. 168, the seizure of the Vertu Cell Phone, and any alleged bitcoins contained therein, could and should have been raised then.[7] Pouryan's mistaken belief, or contrivance, that the Vertu Cell Phone might be returned, see Reply at 4-5, when it was properly listed on the Government's Bill of Particulars and forfeiture orders, notifying defendant that it would be subject to forfeiture, is no excuse. This Court denied Pouryan's October 2013 motion on the merits, see ECF No. 184, and Pouryan may not raise new claims nearly ten years later.

### C. Defendant's motion is moot.

In any event, this motion would still fail because there is nothing left to return. Defendant's motion conditions the return of the alleged 5,950 bitcoins on their storage within the Vertu Cell Phone's "memory wallet," Mot. at 5, and the Government informs

---

[7] The Court notes that the presence of bitcoins on the Vertu Cell Phone at the time of its seizure would have been relevant to the charges against the defendant. Thus, the Government had every motivation to seek that very evidence, rather than decrypt the bitcoin password and remove the bitcoins from the wallet. Indeed, the Government believed that the Vertu Cell Phone would contain "evidence related to the violations." ECF No. 287, Ex. A at 18. If Pouryan sought to challenge the forfeiture of a cell phone with bitcoins, this Court would likely have determined that the bitcoins had a nexus to the charged offenses and would have denied that motion. In short, the Government had every reason to find the bitcoins had they ever existed.

11

that the Vertu Cell Phone was destroyed and no longer exists, see ECF No. 283 at 5. Moreover, the Vertu Cell Phone was destroyed pursuant to court order and after a challenge to the forfeiture. Therefore, defendant's motion is moot.[8]

## Conclusion

Accordingly, the present motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 282 and mail a copy of this decision to Pouryan (Reg. No. 65030-054) at Federal Correctional Institution Sheridan in Sheridan, Oregon.

**SO ORDERED.**

Dated:   New York, New York
         December 12, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[8] Because this motion is time-barred and defendant only makes general and conclusory allegations, the Court need not hold an evidentiary hearing as contemplated by Rule 41(g). See Sanchez-Butriago v. United States, No. 00 Civ. 8820, 2003 WL 21649431, at *6 (S.D.N.Y. July 11, 2003). Defendant also requested the appointment of counsel. There is no constitutionally guaranteed right to counsel in a civil case. See United States v. Sash, 581 F. Supp. 2d 647, 649 (S.D.N.Y. 2008). The Court has also considered the applicable criteria for the discretionary appointment of counsel, see id., and concludes that appointment of counsel is not appropriate given the incredible allegations regarding the existence of the bitcoins and given the pointlessness of a further investigation. Further, defendant's request for an investigation is also denied.