```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

THE UNITED STATES OF AMERICA,

          - against -
                                        MEMORANDUM AND ORDER
ALWAR POURYAN,
                                        11 Cr. 111-6 (NRB)
                    Defendant.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendant Alwar Pouryan's ("Pouryan" or "defendant") second motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release or home confinement. See ECF No. 295 ("Mot."). The Government opposes this motion. See ECF No. 296 ("Opp."). For the reasons described below, and as was the case with Pouryan's first § 3582(c)(1)(A) motion, the defendant has failed to establish any extraordinary or compelling reasons to justify compassionate release. Moreover, the factors outlined in 18 U.S.C. § 3553(a) continue to weigh against a sentencing modification. Thus, the defendant's motion is denied.

### I. Background

We discussed the facts of Pouryan's criminal conduct and the legal proceeding against him in detail in the Court's Memorandum and Order denying the defendant's first § 3582(c)(1)(A) motion. See United States v. Pouryan, No. 11 Crim. 111-6 (NRB), 2023 WL

2456503, at *1 (S.D.N.Y. Mar. 9, 2023). Accordingly, we do not repeat all those facts here. However, we are compelled to recite some information about the defendant, his crimes, and his efforts at post-conviction relief.

Pouryan was an arms trafficker with ties to Hezbollah, a Lebanese terrorist organization, and he agreed to provide military-grade weapons to the Taliban for use against American forces. See ECF No. 24 ("Indictment") ¶ 8. However, the purchasers that Pouryan thought were from the Taliban were, in actuality, confidential sources working for the United States Drug Enforcement Administration ("DEA"). Id. Specifically, between November 2010 and February 2011, Pouryan and his co-defendants participated in a series of consensually recorded meetings in Ghana, Ukraine, and Romania in which the confidential DEA sources posed as associates of the Taliban and informed Pouryan that the Taliban wanted modern weapons and training to defend their narcotics operations and destroy U.S. tanks. Id. ¶ 13. Pouryan discussed the kinds of military-grade weapons he could procure -- which ranged from AK-47s to surface-to-air missiles -- as well as corresponding delivery, pricing, and payment information. Id. ¶¶ 8, 13.

On April 19, 2013, after a nine-day bench trial, the Court

found Pouryan guilty of one count of conspiring to provide material support to terrorists under 18 U.S.C. §§ 2339(a) and 3238, which carries a mandatory minimum sentence of 15 years' imprisonment, and one count of conspiring to acquire and transfer anti-aircraft missiles under 18 U.S.C. § § 2332(g)(a)(1), (b), and (c), which carries a mandatory minimum sentence of 25 years' imprisonment. See ECF Nos. 130, 158. On September 25, 2013, the Court imposed on Pouryan the lowest sentence that was legally permissible: concurrent terms of imprisonment of 15 years and 25 years.[1]  See ECF No. 158 at 2; see also Pouryan, 2023 WL 2456503, at *1 ("[T]he Court sentenced Pouryan to the lowest sentence that was legally permissible" in light of the applicable mandatory minimums.).  The Second Circuit affirmed the conviction on October 8, 2015, and the Supreme Court denied Pouryan's petition for a writ of certiorari on February 29, 2016.  See United States v. Pouryan, 628 F. App'x 18 (2d Cir. 2015) (summary order), cert. denied, Pouryan v. United States, 577 U.S. 1162 (2016).  Pouryan is currently housed in Federal Correctional Institution Oxford ("FCI Oxford") in Oxford, Wisconsin.  See Mot. at 12–14.  He has

---

[1] The applicable guidelines range was life imprisonment. See ECF No. 156 at 2. The sentence imposed by the Court was recommended by Probation and Pouryan's counsel. See ECF No. 154. The Government asked the Court to apply a two-level enhancement to Pouryan's guidelines for obstruction of justice and requested "a lengthy sentence consistent with the applicable Guidelines range" of life. ECF No. 156 at 2, 9.

a projected release date of October 2, 2032 and has thus far served about sixty-three percent of his sentence. Opp. at 3; see also Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited February 12, 2025).

On June 28, 2022, Pouryan filed a motion for a sentence reduction under 18 U.S.C. § 3582. See ECF No. 277. That motion contained several asserted bases for compassionate release -- largely the same as those set forth in the instant motion -- including claims that his medical issues, conditions of confinement, and his desire to see his family constituted extraordinary and compelling reasons for release. Pouryan, 2023 WL 2456503, at *1–3. On March 9, 2023, this Court denied Pouryan's motion, concluding that "[e]ven taken together, these arguments do not rise to the level of extraordinary or compelling." Id. at *1.

**II. Plaintiff's Instant Motion**

Roughly a year and a half later, on October 15, 2024, plaintiff filed the instant compassionate release motion under 18 U.S.C. § 3582(c)(1)(A). In this motion, Pouryan makes two main arguments for compassionate release, namely that (1) his "long-term or specialized" medical conditions, as well as his efforts at

-4-

rehabilitation, constitute extraordinary and compelling circumstances; and (2) the § 3553(a) factors support a finding of compassionate release. We reject all such claims.

### A. Pouryan's Asserted Extraordinary and Compelling Reasons for Compassionate Release

The foundation for Pouryan's first argument in favor of compassionate release is Section 1B1.13(b) of the United States Sentencing Guidelines Manual (the "Guidelines" or "U.S.S.G."), which lists a defendant's "Medical Circumstances" as one of several potentially "Extraordinary and Compelling Reasons" that can justify a sentencing modification. See U.S.S.G. §1B1.13(b)(1)(C) (allowing a court to consider whether a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death").

Pouryan lists a litany of medical conditions that he has been diagnosed with while in the custody of the Bureau of Prisons ("BOP"), including a right foot drop, lumbar spinal stenosis, lumbar radiculopathy, generalized muscle weakness, post-lumbar spinal fusion, neuropathy of a lower limb, chronic pain, unspecified disorder of the male genital organs, a right knee

derangement, right elbow olecranon bursitis, a right tricep tear and/or fracture, and major, recurrent depressive illness. See Mot. at 3-4. Pouryan also highlights that he contracted COVID-19 "several times" and now has "developed long-term side effects such as chills, shakes, joint and muscle pain, muscle tremors within his chest," and he has also apparently not recovered "the senses of smell and taste." Id. at 6. Pouryan's medical records confirm that he has indeed been diagnosed with these conditions.[2] See Opp. at Exs. C-D. Pouryan further lists a host of treatments, medications, and therapies he requires to manage these conditions. See Mot. at 3-5. Nonetheless, Pouryan asserts that he is not receiving sufficient medical care, and that such a situation is extraordinary and compelling and therefore requires compassionate release.

Next, Pouryan contends that his rehabilitation in prison merits a sentence reduction pursuant to the Guidelines. See U.S.S.G. § 1B1.13(d). Pouryan stresses that he has "maintained an extraordinary and positive outlook and attitude towards life" and has sought "education and rehabilitation to become a better person in order to return as a productive member to society and to his family." Mot. at 12.

---

[2] The Government does not contest this point. See Opp. at 5.

### B. Pouryan's § 3553(a) Arguments

Pouryan also seeks to modify his sentence based on the factors outlined in 18 U.S.C. § 3553(a). Pouryan acknowledges that his "case . . . is serious," but he stresses that his "history and characteristics," including his family and community ties, military service, and other factors, like his acceptance of responsibility and his behavior in prison, all contribute to a § 3553(a) analysis that justifies a modification of his sentence. See Mot. 18–20.

### III. Analysis

In Pouryan's case, a court may "reduce the term of imprisonment" only if "it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[3] A motion for compassionate release is "not

---

[3] The defendant also bears the burden of establishing that he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Government notes that Pouryan filed a request for a sentence reduction on compassionate release grounds on May 13, 2024, which was denied by the Warden of FCI Oxford on May 15, 2024. See Opp. at 4, n.1. That request for a sentence reduction focused only on Pouryan's medical conditions and did not mention the other grounds for relief Pouryan relies on in the instant motion, including his rehabilitation. Id. Nevertheless, while there may be a question as to whether Pouryan has sufficiently satisfied the exhaustion requirement under § 3582(c)(1)(A), we proceed with our analysis assuming that he has indeed done so.

an opportunity to second guess or to reconsider the sentencing court's original decision." United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal citation and quotation marks omitted).  Although Pouryan's motion is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation, quotation marks, and emphasis omitted), the defendant, in making the motion, still "bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582." United States v. Mungin, No. 97 Crim. 1105 (LAP), 2024 WL 2830851, at *4 (S.D.N.Y. June 3, 2024); see also United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

**A.  Analysis of "Extraordinary and Compelling" Circumstances Under 18 U.S.C. § 3582(c)(1)(A)**

We do not find that any of Pouryan's asserted bases for compassionate release constitute "extraordinary and compelling reasons warrant[ing] . . . a reduction" in his sentence.  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission outlines four scenarios where a defendant's medical circumstances may be "extraordinary and compelling," namely when: (A) the defendant

-8-

is "suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)"; (B) the defendant's condition "substantially diminishes the ability of the defendant to provide self-care . . . and from which he or she is not expected to recover"; (C) the defendant's condition "requires long-term or specialized medical care that is not being provided"; or (D) an outbreak of infectious disease "cannot be adequately mitigated in a timely manner." U.S.S.G. §1B1.13(b)(1).

First, the medical records Pouryan provides make clear that, despite his assertions to the contrary, he is receiving regular treatment and care for his conditions. See Opp. at Ex. D (detailing countless office visits and treatment sessions). In fact, over 400 pages of records show that Pouryan was seen by BOP medical personnel on at least six occasions in the three months preceding the Government's receipt of the records at the end of October 2024. Id.; see also Opp. at 5. Pouryan has thus failed to "demonstrate[] that the BOP cannot adequately address his medical needs." United States v. Lawrence, 19 Cr. 437 (AKH), 2022 WL 4000904, at *4 (S.D.N.Y. Sept. 1, 2022); accord United States v. Zubkov, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (denying compassionate release to inmate who "appears to have

received proper medical attention and care"); United States v. Radulescu, 19 Cr. 651 (SHS), 2024 WL 4200388, at *1 (S.D.N.Y. Sept. 16, 2024) (finding no extraordinary or compelling reason for release under U.S.S.G. § 1B1.13(b)(1)(C) where defendant had not "demonstrate[d] that the BOP is unable to care for an inmate with [his] conditions"). We therefore find that Pouryan's asserted medical conditions do not provide a sufficiently extraordinary or compelling basis for compassionate release.

Additionally, Pouryan fails to show that his medical conditions have placed him "at risk of serious deterioration in health or death," a requisite condition under § 1B1.13(b)(1)(C). Pouryan stresses that his conditions and comorbidities "have diminished his quality of life" and put him at further risk of health decline. See Mot. at 8–11. Although Pouryan's medical situation has likely impaired his quality of life and may make him more prone to falls, anxiety, pain, and other conditions, these broad, speculative concerns about his future health do not show that he is imminently at risk of death or serious deterioration.

Furthermore, we reject Pouryan's argument that his rehabilitation constitutes an extraordinary and compelling basis for release. See Mot. at 12–14. Regardless of the sincerity of

a defendant's rehabilitative efforts, "'[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason [warranting compassionate release].'" United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)) (emphasis added); accord U.S.S.G. § 1B1.13(d). Pouryan, however, asks us to consider rehabilitation as a standalone consideration, so his argument fails on that basis alone. And, even if we were to solely consider Pouryan's rehabilitation as a reason for his release, the evidence he presents -- completion of dozens of BOP rehabilitative and educational programs, his educational and religious transformation, and his genuine remorse -- is far from extraordinary and is simply what is expected of him in prison. See, e.g., United States v. Saleh, No. 93 Crim. 181 (WHP), 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("[E]very inmate should strive for a productive institutional record while incarcerated because that is what is expected."); United States v. Vaughn, 17 Crim. 89 (CS), 2021 WL 4755071, at *2 (S.D.N.Y. Oct. 12, 2021) ("Making good use of one's time and obeying the rules in prison . . . is expected"). Defendant's purported rehabilitation thus does not constitute an extraordinary or compelling circumstance sufficient for this Court to reduce his sentence.

Moreover, if we, as we must under § 1B1.13(d), consider rehabilitation in conjunction with some of the "additional grounds" that Pouryan raises in his motion, see Mot at 14–17, the defendant still cannot meet the extraordinary and compelling standard required for compassionate release. For example, Pouryan highlights that he has incurred "only minor [disciplinary] infractions during his 158-months of incarceration," see Mot. at 15, and has been deemed to be at a "low risk of recidivism," Mot. 13. In addition, Pouryan lists several other considerations to further bolster his case for carceral modification, including that he: (i) "does not have a meaningful prior criminal record"; (ii) has helped mentor and "formal[ly] support. . . other inmates . . . [and] at-risk youth and adults;" (iii) is "a 50-year old man who has matured during the course of his incarceration," and even (iv) the "COVID-19 pandemic." Id. at 14–17. These factors, even considered in aggregate and alongside Pouryan's purported rehabilitation, are insufficient to justify compassionate release in Pouryan's case.[4]

---

[4] The defendant's prior criminal record is not a basis for compassionate relief under the Guidelines, and the Court already took it into consideration at sentencing. Additionally, while "age of the defendant" is a factor that can justify a reduction in a term of imprisonment, the defendant does not qualify because he, at the very least, fails the threshold criteria of being "at least 65 years old." § 1B1.13(b)(2). Moreover, the COVID-19 pandemic is not a reason for relief unless the defendant can show that COVID poses a

**B.   Analysis Under the § 3553(a) Factors**

Pouryan's arguments for a sentencing modification based on the 18 U.S.C. § 3553(a) factors are similarly unpersuasive. Pouryan asks this Court to consider his personal history and characteristics under 3553(a) to find that he is deserving of a sentencing modification, asserting that he is "a family man," a "first-time offender," a war veteran, and a rehabilitated man. See Mot. at 18.  While Pouryan focuses on the factor that considers the "history and characteristics of the defendant," the § 3553(a) factors also require consideration of the nature and circumstances of the offense, affording adequate deterrence to this defendant and others who are similarly situated, and promoting respect for the law.  See 18 U.S.C. § 3553(a)(2)(A)-(C).  Thus, the § 3553(a) factors still strongly weigh against a sentencing modification, just as they did when Pouryan last made this type of application to the Court.  As the Court wrote in response to Pouryan's most recent compassionate release motion:

> Particularly in light of the fact that the United States gave Pouryan refuge, Pouryan's decision to endanger United States citizens by selling military-grade weapons to the Taliban was heinous. Moreover, at trial, Pouryan provided materially false testimony. Nevertheless, the Court sentenced Pouryan to the mandatory minimum, which

---

serious risk of deterioration in his health or death, see § 1B1.13(b)(1), which is not the case for the reasons discussed above.

was a variance from the guidelines' sentence of life in
prison, given that 25 years is a very long time by any
measure.

Pouryan, 2023 WL 2456503, at *3 (internal citations omitted).

Ultimately, if the Court were to grant Pouryan's motion for compassionate release now, it would materially alter the sentence imposed, and Pouryan would not have even served the mandatory minimum sentence for his crimes. See United States v. Kantor, 853 Fed. Appx. 723, 726 (2d Cir. 2021) ("[C]ourts regularly consider how compassionate release would alter the aims of the original sentence . . . . That inquiry often involves assessing the proportion of the defendant's stated sentence yet to be served."). Accordingly, a fulsome analysis of the § 3553(a) factors strongly counsels against a sentencing modification.

## CONCLUSION

For the reasons stated above, Pouryan's motion for compassionate release is denied.  Because Pouryan has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue.  See Hoffler v. Bezio, 726 F.3d 144, 152 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1963).  The Clerk of the Court is directed to terminate the motion pending at ECF

No. 295 and to mail a copy of this decision to Pouryan (No. 65030-054) at Federal Correctional Institution Oxford, P.O. Box 1000, Oxford, WI 53952.

**SO ORDERED**.

Dated: February 18, 2025
      New York, New York

                                          NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE